AO 91 (Rev. 11/11) Criminal Complaint  AUSA Adam Rosenbloom (312) 353-0962



FILED
5/31/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | CASE NUMBER: 23CR336 |
|---|---|
| v. | |
| ROSCO BLACKMAN | |

# CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about May 30, 2023, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 1512(b)(1) | knowingly used intimidation and threatened Witness A with intent to influence, delay, and prevent the testimony of Witness A in an official proceeding and attempted to do so. |

This criminal complaint is based upon these facts:

 X   Continued on the attached sheet.

*/s/ Megan Johnson*
MEGAN JOHNSON
Special Agent,
Federal Bureau of Investigation (FBI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: May 31, 2023

*Sheila Finnegan*
*Judge's signature*

City and state: Chicago, Illinois

SHEILA FINNEGAN, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## **AFFIDAVIT**

I, MEGAN JOHNSON, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and I have been so employed for one and a half years. My current responsibilities include the investigation of violent crimes, including, among others, homicide, attempt murders, and various firearms offenses.

2. This affidavit is submitted in support of a criminal complaint alleging that Rosco Blackman has violated Title 18, United States Code, Section 1512(b)(1) (the "**Subject Offense**"). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging BLACKMAN with witness tampering, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. The statements in this affidavit are based on information received from multiple sources, including but not limited to: my personal knowledge; information provided to me by other law enforcement agents; my review of reports and documents related to this investigation; conversations with others who have knowledge of the events and circumstances described in this affidavit; my review of law enforcement databases; my training and experience and the training and

experience of other agents with whom I work; and information provided to me by persons with knowledge regarding relevant facts.

## PROBABLE CAUSE

4. In summary and as described below, ROSCO BLACKMAN attempted to intimidate a government witness ("Witness A") during a criminal trial by stating words to the effect of "I'll get you" to Witness A as Witness A left the courtroom during a break in Witness A's testimony. Witness A's direct examination had not concluded at the time ROSCO BLACKMAN attempted to intimidate Witness A. As described below, ROSCO BLACKMAN is the brother of the lead defendant in the trial in the matter captioned *United States v. Blackman, et al.* (18 CR 728) (the "Trial"). Witness A's testimony implicated the lead defendant in several murders and also referenced ROSCO BLACKMAN.

**I. Facts Supporting Probable Cause**

    **A. Witness A's Trial Testimony Referenced ROSCO BLACKMAN and ROSCO BLACKMAN's Brother**

5. I am assisting with the Trial as one of the case agents. The Trial began on or about May 16, 2023, before Judge John Robert Blakey, and the government is currently presenting its case in chief.

6. The lead defendant in the Trial is ROMEO BLACKMAN ("Romeo"). Romeo is ROSCO BLACKMAN's brother. ROSCO BLACKMAN is not a defendant in the Trial.

7. Witness A is a cooperating government witness in the Trial. Witness A began testifying on direct examination on May 30, 2023 at approximately 2:30 p.m.

8. Prior to Witness A's testimony, law enforcement officers observed a black male who was approximately six feet tall and wearing a red shirt outside of the courtroom where the Trial was taking place. Based on their familiarity with Chicago Police Department booking photographs of ROSCO BLACKMAN, law enforcement officers identified the black male as ROSCO BLACKMAN. Law enforcement officers observed ROSCO BLACKMAN present in the courtroom throughout the day.

9. I observed that ROSCO BLACKMAN was in the courtroom at the time that Witness A's direct examination began. ROSCO BLACKMAN was seated on the right[1] side of the gallery approximately three rows back from the front row. ROSCO BLACKMAN was seated in the aisle seat. Chicago Police Detective Kyleen Cowie was seated in the front row of the gallery on the left side of the courtroom.

10. In summary, Witness A testified on direct examination on May 30, 2023 to the following facts:[2]

    a. Witness A was a founding member of the Goonie Boss/Goonie Gang street gang in approximately 2008 or 2009. Witness A testified that Romeo became a member of the Goonie Boss/Goonie Gang street gang by approximately December 2012. Witness A's brother ("Witness B")[3] was also a founding member of the Goonie Boss/Goonie Gang street gang.

---

[1] ROSCO BLACKMAN was seated on the right side from the perspective of the gallery.

[2] This summary is based on law enforcement observation of Witness A's testimony and does not include all statements or topics covered during Witness A's testimony.

[3] Witness B is also a cooperating government witness who testified during the Trial.

b. In approximately January 2014, Witness B purchased a firearm (Firearm A).

c. Shortly after Witness B purchased the firearm, officers from the Chicago Police Department executed a search warrant at the home of the mother of Witnesses A and B, where Witness B was living at the time.

d. The object of the search warrant was to locate Firearm A. Witness B was arrested as a result of this search warrant.

e. After Witness B was arrested, Witness A, Romeo, and ROSCO BLACKMAN believed that Individual A and Individual B had provided information about the sale of Firearm A to law enforcement.

f. Individual A learned that Witness A, Romeo, and ROSCO BLACKMAN believed that Individual A was acting as an informant. Individual A located Witness A, Romeo, and ROSCO BLACKMAN at a Goonie Boss/Goonie Gang residence in the Englewood neighborhood.

g. Romeo and ROSCO BLACKMAN engaged in a physical altercation with Individual A. Witness A broke up the fight. Romeo asked Witness A to provide a firearm to Romeo, which Witness A refused to provide. Witness A left the residence with Individual A and walked Individual A home.

h. The following day, Romeo told Witness A that he had just seen an opposition gang member and asked Witness A for a firearm. Witness A gave Romeo a .38 caliber revolver.

i. Approximately 20 minutes later, Witness A learned that Individual A had been murdered.

j. Later that evening or the next day, Romeo told Witness A that Romeo murdered Individual A.

### B. ROSCO BLACKMAN Threatened Witness A as Witness A Left the Courtroom

11. At approximately 3:30 p.m. on May 30, 2023, a break in Witness A's direct examination occurred to allow for a change in court reporters. Judge Blakey excused the jury from the courtroom while the change occurred. Judge Blakey also excused Witness A from the stand during the break.

12. Witness A's direct examination had not concluded at the time of the break.

13. Detective Cowie was responsible for escorting Witness A from the courtroom to an attorney/witness room during breaks in Witness A's testimony.

14. Detective Cowie observed Witness A step down from the witness stand and walk toward the door in the rear of the courtroom. Detective Cowie was still seated in the front row of the left side of the gallery when Witness A stepped down from the stand. Detective Cowie stood up to escort Witness A from the courtroom.

15. Detective Cowie observed that as Witness A approached the gallery, ROSCO BLACKMAN was standing near an aisle seat approximately three rows back on the right side of the gallery.

16. As Witness A walked toward the courtroom exit, Detective Cowie positioned herself to be between Witness A and ROSCO BLACKMAN.

17. As Witness A and Detective Cowie passed ROSCO BLACKMAN, Detective Cowie observed ROSCO BLACKMAN lean toward Witness A and heard him say words to the effect of "I'll get you."

18. According to Witness A, Witness A understood ROSCO BLACKMAN's statement to be a threat intended to influence Witness A's testimony. Witness A told law enforcement that he/she was not scared of ROSCO BLACKMAN.

19. Based on my training and experience; the context of the investigation and trial; and the substance of Witness A's testimony, I believe that ROSCO BLACKMAN's statement to Witness A was intended to intimidate Witness A for the purpose of influencing, delaying, or preventing Witness A's testimony at the Trial.

C. **ROSCO BLACKMAN Intimidated Witness A During His/Her Testimony**

20. Witness A made statements to law enforcement officers immediately after he/she left the courtroom at approximately 3:30 p.m. on May 30, 2023.

21. According to Witness A, Witness A observed ROSCO BLACKMAN in the courtroom during Witness A's direct examination on May 30, 2023.

22. At some point during Witness A's testimony, Witness A also observed ROSCO BLACKMAN exit the courtroom and stand immediately outside the door to the courtroom. According to Witness A, ROSCO BLACKMAN looked at Witness A through a window in the courtroom door and appeared to mouth words to Witness A during Witness A's testimony.

23. According to Witness A, Witness A understood the mouthed words to be a threat intended to influence Witness A's testimony.

## CONCLUSION

24. Based on the above, I respectfully submit that there is probable cause to believe that on May 30, 2023, ROSCO BLACKMAN, did knowingly use intimidation and threatened Witness A with intent to influence, delay, and prevent the testimony of Witness A at the Trial, and attempted to do so, in violation of Title 18, United States Code, Section 1512(b)(1).

FURTHER AFFIANT SAYETH NOT.

*/s/ Megan Johnson*
MEGAN JOHNSON
Special Agent
Federal Bureau of Investigation

SWORN TO AND AFFIRMED by telephone May 31, 2023.

Honorable SHEILA FINNEGAN
United States Magistrate Judge